IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Beverly A, Tabb,                              :
           Plaintiff          :        Civil Action 2:07-cv-1171

    v.                                       :        Judge Holschuh

Michael J. Astrue,                            :        Magistrate Judge Abel
Commissioner of Social Security,
           Defendant          :

## REPORT AND RECOMMENDATION

Plaintiff Beverly A. Tabb brings this action under 42 U.S.C. §§405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits and Supplement Security Income benefits. This matter is before the Magistrate Judge for a report and recommendation on the parties' cross-motions for summary judgment.

**Summary of Issues.**

Plaintiff argues that the decision of the Commissioner denying benefits should be reversed because:

- The administrative law judge erred by not finding that a sit/stand option precluded past work as a bookkeeper; and,
- The administrative law judge erred by not making a finding of disability under the Medical-Vocational Guidelines.

**Procedural History.** Plaintiff Beverly A. Tabb filed her application for disability insurance benefits on November 28, 2001, alleging that she became disabled on April 5, 2000, at age 53, by asthma, heart condition, 40% blockage in left ventricle of heart,

thyroid condition, nerve damage in left arm, cysts on right elbow limiting mobility, and arthritis in breast plate.  (R. 59-61, 82.)  The application was denied initially and upon reconsideration.  Plaintiff sought a *de novo* hearing before an administrative law judge.  On November 3, 2003, an administrative law judge held a hearing at which plaintiff, represented by counsel, appeared and testified.  (R. 361-81.)  A vocational expert also testified.  On December 19, 2003, the administrative law judge issued a decision finding that  Tabb was not disabled within the meaning of the Act.  (R. 16-28.)  Tabb timely filed a complaint in this Court. On June 22, 2006, the Court remanded this case to the Commissioner. (R. 412-21.)

On December 19, 2006, a second hearing before an administrative law judge was held. On March 21, 2007, the administrative law judge issued a decision finding that Tabb was not disabled within the meaning of the Act. (R. 388-403.) On September 25, 2007, the Appeals Council denied plaintiff's request for review and adopted the administrative law judge's decision as the final decision of the Commissioner of Social Security.  (R. 382-84.)

**Age, Education, and Work Experience**.  Tabb was born January 6, 1947.  (R. 59.)  She has a high school education and completed two years of college.  (R. 88.)  She has worked as a sales representative, x-ray technician, and bookkeeper.  She last worked April 5, 2000.  (R. 82.)

**Plaintiff's Testimony**.  The administrative law judge fairly summarized 's testimony as follows:

> The claimant testified at the first hearing held in November 2003 that she was divorced. She lived in a house with her boyfriend. The claimant testified that she stopped driving an automobile because of black-out episodes. She has a high-school education and two years of vocational training.
>
> The claimant alleged disability due to lower extremity pain, chest pain, psychological problems with memory deficits and diminished capacity for concentration, and black-out episodes. She testified that she experiences about one such episode per week during which she briefly loses consciousness and falls. The claimant took prescribed medication for her alleged symptoms and impairments. An adverse side effect of such medication was alleged to be nervousness.
>
> The claimant testified that she occasionally goes out. Her boyfriend did household chores. She shopped with the help of her boyfriend. The claimant allegedly did little during a typical day other than watch television or sit on the porch.
>
> Upon further questioning by claimant's counsel, the claimant testified that she used an electric cart when she shopped with her boyfriend. She had sustained injuries when she fell during black-out episodes; she fractured her wrist on one such occasion, cut her arm on another occasion, and sprained her thumb on yet another occasion.
>
> At the most recent hearing held on December 19, 2006, the claimant reiterated her subjective complaints and allegations concerning her symptoms and impairments. She has not worked since 1999.
>
> The claimant continues to take prescribed medication for thyroid problems, pain, acid reflux, and abnormal heart beat.

(R.393-94 (footnotes omitted).)

**Vocational Expert's Testimony**. The administrative law judge presented the following hypothetical question to the vocational expert:

> I'd like for you to assume that we have a person that's over 55 years of age, who has a high school education plus two years of college. That

>college was not necessarily used for any specific job in the past relevant work but it does show the ability of one to function in jobs that may be more than unskilled type of work. Further assume the individual would be limited to a light level of exertion with the ability to change positions from sitting and standing briefly and this is to avoid cramps or spasms. By a brief period of time, I don't mean the person sits for 10 minutes and stands for 10 minutes. It's a momentary period of time of change of position. Can use the upper extremities for gripping, holding, and turning of objects. Can occasionally stoop. There should be no work at unprotected heights or around heavy industrial machinery such as cutters and beaters, centrifugal force machines.

(R. 450.) Based on this hypothetical question, the vocational expert opined that plaintiff could not perform the work of a sales representative or a construction worker. *Id.* She could, however, work as a bookkeeper. The administrative law judge asked the vocational expert to describe what the Dictionary of Occupational Titles or what his experience was with respect to the ability of a bookkeeper to sit or stand or change positions as needed to avoid cramping or spasms. The vocational expert replied that people are able to stand for momentary changes of position and sit to do that job. (R. 451.)

The vocational expert testified that the job of being a bookkeeper can be performed by somebody who is standing or sitting. If, however, the individual experiences excessive pain while standing or bending over on more than an occasional basis, she may have difficulty performing the job. Upon questioning by plaintiff's counsel, the vocational expert testified that if a person who required changing positions was off task for fifteen minutes of every hour, she would not be able to perform the job.

If an individual was off task for seven to ten minutes of every hour, this would also preclude employment. (R. 451-53.)

The vocational expert also testified that the plaintiff's bookkeeping skills were not transferable. There were a significant number of jobs that an individual matching the hypothetical could perform. The vocational expert testified that at the light level, there were 25,000 jobs, which included the position of a ticket taker. At the sedentary level, there would be 3,000 jobs, which included the positions of addresser or lens inserter. (R. 454.)

### Administrative Law Judge's Findings.

1. The claimant met the disability insured-status requirements of the Act on April 5, 2000, the date the claimant stated she became unable to work, and continued to meet them through March 31, 2004.

2. The claimant has not performed substantial gainful activity since April 5, 2000, the alleged disability onset date.

3. The medical evidence establishes "severe" impairments of internal derangement of the right knee with residual effects of corrective surgery, cervical spine strain, and a history of near syncopal episodes of possible vascular etiology but that the claimant does not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4.

4. The claimant's allegations of disability are not supported by substantial objective medical evidence or clinical findings and cannot be considered credible when evaluated under the guidelines of 20 CFR 404.1529 and 416.929.

5. The claimant is capable of performing the basic functional requirements of light work, as such work is defined for Social Security purposes, subject to the following additional limitations: she can sit, stand, ans walk sufficiently to perform light work, but she should be permitted to alternate between sitting and standing as needed with the opportunity to sit as much as 15 minutes during every hour of work (i.e., permitted to change positions briefly from sitting to standing without leaving the work station to avoid cramping or spasms) and she should not be expected to work at unprotected heights, around moving or dangerous machinery, or inclose proximity to dangerous instrumentalities.

6. The claimant is able to perform her past relevant works as a bookkeeper. That job involved only sedentary exertion. It did not involve the performance of any duties or activities that would be precluded by the functional limitations associated with her impairments.

7. The need to occasionally alternate between sitting and standing as defined in Finding No. 5 would not preclude an individual from doing the job of bookkeeper.

8. The claimant was not "disabled," as defined in the social Security Act, an any time through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(R. 402-03.)

**Standard of Review**.  Under the provisions of 42 U.S.C. §405(g), "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)).  It is "'more than a mere scintilla.'" *Id*. *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976).  The Commissioner's findings of fact must be based upon the record as a whole.

*Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Houston v. Secretary*, 736 F.2d 365, 366 (6th Cir. 1984); *Fraley v. Secretary*, 733 F.2d 437, 439-440 (6th Cir. 1984). In determining whether the Commissioner's decision is supported by substantial evidence, the Court must "'take into account whatever in the record fairly detracts from its weight.'" *Beavers v. Secretary of Health, Education and Welfare*, 577 F.2d 383, 387 (6th Cir. 1978)(quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1950)); *Wages v. Secretary of Health and Human Services*, 755 F.2d 495, 497 (6th Cir. 1985).

**Plaintiff's Arguments.** Plaintiff argues that the decision of the Commissioner denying benefits should be reversed because:

- <u>The administrative law judge erred by not finding that a sit/stand option precluded her past work as a bookkeeper</u>. Plaintiff maintains that the vocational expert indicated that a person could work as a bookkeeper either sitting or standing, but "where they're just in too much pain standing bending over," they would require more than just an occasional change between sitting and standing. Plaintiff also relies on the testimony of the vocational expert that being off task for as little as 10%, or 7 to 15 minutes each hour, would preclude plaintiff from performing her past work as a bookkeeper. Plaintiff also argues that the vocational expert testified that if plaintiff required more time to accommodate for discomfort or cramping that just a few seconds to change from sitting and standing, she would not be able to perform the job.

7

- <u>The administrative law judge erred by not making a finding of disability under the Medical-Vocational Guidelines</u>. Plaintiff argues that the issue of transferability of skills was also a part of the remand order, but the administrative law judge failed to address this issue in his decision. Plaintiff maintains that the vocational expert testified that if plaintiff could not perform the bookkeeping job with a sit/stand option, the skills would not transfer to any other jobs. Plaintiff contends that than an individual of advanced age with a high school education and non-transferable skills should be found disabled in accordance with GRID rule 202.06, and therefore the administrative law judge erred in not finding plaintiff disabled under the Medical-Vocational Guidelines.

**Analysis.** Plaintiff does not challenge the administrative law judge's assessment of her physical abilities. Instead, Tabb argues that the administrative law judge erred in his vocational findings.

In determining whether a claimant is disabled, an administrative law judge makes a residual functional capacity determination. That finding is an "assessment of the claimant's remaining capacity for work" once his or her limitations have been taken into account. 20 C.F.R. § 416.945. It is "a more complete assessment of her physical and mental state and should include an 'accurate[ ] portray[al] [of her] individual physical and mental impairment[s].' *Varley*, 820 F.2d at 779; *Myers v. Weinberger*, 514 F.2d 293,

294 (6th Cir.1975) (per curiam)." *Howard v. Commissioner of Social Security,* 276 F.3d 235, 239 (6th Cir. 2002).

When a vocational expert testifies, the administrative law judge asks the expert to assume certain facts about the claimant's work abilities. The facts in this hypothetical are the administrative law judge's residual functional capacity findings. The administrative law judge must accurately state each limitation that affects the claimant's ability to work. If there is not substantial evidence supporting the limitations the administrative law judge includes in the hypothetical to the vocational expert, then the expert's testimony is not substantial evidence supporting the Commissioner's decision denying benefits. *Howard,* 276 F.3d at 240-42. If a limitation that substantially affects the claimant's ability to work is established by uncontroverted medical evidence, it is error for the administrative law judge to omit this limitation from the hypothetical given the administrative law judge. 276 F.3d at 242.

The vocational expert testified:

In my experience of viewing these jobs, people are able to stand for momentary changes of position and sit to do that job. It's – I just think it absolutely can be performed sitting down and then standing up for a few seconds and then sitting back down.

(R. 451.) The vocational expert also testified, as plaintiff argues, that an individual who is off task for seven to ten minutes each hour to permit her to alternate between sitting and standing would not employable. The administrative law judge did not find that

plaintiff was limited in this manner. Instead, the administrative law judge formulated a residual functional capacity assessment that stated:

> [S]he should be permitted to alternate between sitting and standing as needed with the opportunity to sit as much as 15 minutes during every hour of work (i.e., *permitted to change positions briefly from sitting to standing* without leaving the work station to avoid cramping or spasms).

(R. 402 (emphasis added).) Consequently, there is substantial evidence in the record supporting the administrative law judge's conclusion that plaintiff could perform her past work as a bookkeeper.

Tabb also argues that the Medical-Vocational Guidelines (the "Grid") set forth at 20 C.F.R., pt. 404, subpt. P, app. 2, establishes a presumption that a person of her age, education, and work experience who is limited to light work with no transferable skills is disabled. The Grid is applicable only "where an individual with a severe medically determinable physical or mental impairment(s) is not engaging in substantial gainful activity and the individual's impairment(s) prevents the performance of his or her vocationally relevant past work." 20 C.F.R. pt. 404, subpt. B, App. 2, § 200.00(a). In this case, the admin-istrative law judge concluded that Tabb could perform her past relevant work as a bookkeeper. The Grid is therefore inapplicable to her case. *See Smith v. Secretary of Health and Human Services*, 893 F.2d 106, 110 (6th Cir. 1989).

From a review of the record as a whole, I conclude that there is substantial evidence supporting the administrative law judge's decision denying benefits. Accordingly, it is **RECOMMENDED** that the decision of the Commissioner of Social

Security be **AFFIRMED**.  It is **FURTHER RECOMMENDED** that plaintiff's motion for summary judgment be **DENIED** and that defendant's motion for summary judgment be **GRANTED.**

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

 s/Mark R.  Abel  
United States Magistrate Judge