IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Beverly A, Tabb, :

          Plaintiff : Civil Action 2:07-01171

v. : Judge Holschuh

Michael J. Astrue, Commissioner
of Social Security, : Magistrate Judge Abel

          Defendant
: 

**ORDER**

This matter is before the Court on plaintiff Beverly A. Tabb's September 10, 2008 objections to Magistrate Judge Abel's September 3, 2008 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff is not disabled within the meaning of the Act. The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

Background facts. Plaintiff Tabb maintains she became disabled at age 53 by fatigue, pain in her legs, arms, back, neck, and chest, and blackouts. She was 59 years old when the administrative hearing was held. Tabb is a high school graduate with two years of college. She has worked as a sales representative, x-ray technician, and bookkeeper.

The administrative law judge found that Tabb retained the ability to perform work having light exertional demands, with these additional limitations:

> she should be permitted to alternate between sitting and standing as needed with the opportunity to sit as much as 15 minutes during every hour of work (i.e., permitted to change positions briefly from sitting to standing without leaving the work station to avoid cramping or spasms) and she should not be expected to work at unprotected heights, around moving or dangerous machinery, or in close proximity to dangerous instrumentalities.

(R. 402.) He further found that her need to change work positions did not preclude her from performing her former job as a bookkeeper. (R. 403.) Plaintiff's objections focus on this latter finding.

Plaintiff's objections. Plaintiff argues that the administrative law judge's decision is not supported by substantial evidence because it failed to properly apply the vocational expert's testimony and failed to properly assess Tabb's ability to do her past work. While the administrative law judge's residual functional capacity finding asserted that plaintiff could change positions briefly from sitting to standing without leaving the work station to avoid cramping and spasms, it failed to explain what constitutes "briefly." That omission is significant, because the vocational expert testified that if Tabb needed any more than just a matter of seconds between changing positions, she would be unable to perform her past work. (R. 452-453).

The September 3, 2008 Report and Recommendation discussed plaintiff's arguments as follows:

> The vocational expert testified:

> In my experience of viewing these jobs, people are able to
> stand for momentary changes of position and sit to do that
> job. It's – I just think it absolutely can be performed sitting
> down and then standing up for a few seconds and then
> sitting back down.

(R. 451.) The vocational expert also testified, as plaintiff argues, that an individual who is off task for seven to ten minutes each hour to permit her to alternate between sitting and standing would not employable. The administrative law judge did not find that plaintiff was limited in this manner. Instead, the administrative law judge formulated a residual functional capacity assessment that stated:

> [S]he should be permitted to alternate between sitting and
> standing as needed with the opportunity to sit as much as 15
> minutes during every hour of work (i.e., *permitted to change
> positions briefly from sitting to standing* without leaving the
> work station to avoid cramping or spasms).

(R. 402 (emphasis added).) Consequently, there is substantial evidence in the record supporting the administrative law judge's conclusion that plaintiff could perform her past work as a bookkeeper.

September 3, 2008 Report and Recommendation, pp. 9-10.

It is clear that the administrative law judge understood the vocational expert's testimony and that his decision is consistent with it. The administrative law judge found that Tabb needed the ability to briefly change positions. He rejected plaintiff's argument that her need to shift positions would take her away from her work for seven or more minutes each hour. Plaintiff does not challenge the administrative law judge's residual functional capacity finding; and, in any event, there is substantial evidence in the record supporting it.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary

3

judgment is **DENIED**. Defendant's motion for summary judgment is **GRANTED**. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED**.

2-16-09

John D. Holschuh
United States District Judge

4